UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE AVERY WITEK,

        Plaintiff

v.

HEIDI E. WASHINGTON,
ERIC BALCARCEL,
BARBARA A. ANDERSON,
M. ZAMORA and
KAREN C. DELBEKE,

        Defendants.
_____/

Case No. 2:17-cv-13647
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

## **ORDER STRIKING PLAINTIFF'S FEBRUARY 16, 2018 FILING (DE 8)**

Plaintiff Kyle Avery Witek is currently incarcerated at the MDOC's St. Louis Correctional Facility (SLF). On November 6, 2017, while incarcerated at SLF, Plaintiff filed the instant lawsuit *in pro per* against five defendants. (DE 1 at 2-5.) Plaintiff is proceeding *in forma pauperis*. (DEs 2-3.)

By way of the Court's December 15, 2017 opinion and order, Judge Tarnow dismissed with prejudice Plaintiff's claims against Defendants Heidi E. Washington (MDOC Director), Erick Balcarcel (Acting Warden), and M. Zamora (Healthcare Unit Manager) but directed service of the complaint upon the remaining Defendants. (DE 5.) On December 19, 2017, the U.S. Marshal Service acknowledged receipt of documents for service of process upon Defendant Barbara

A. Anderson (Registered Dietician) at MDOC Headquarters and Defendant Karen C. Delbeke (Nurse Practitioner) at SLF. (DE 6.) On March 2, 2018, attorneys Ronald W. Chapman and Carly A. Van Thomme appeared on behalf of Defendant Delbeke. (DEs 9, 10.) Defendant Anderson has yet to appear.

Judge Tarnow has referred this case to me for pretrial matters. (DE 7.) Currently before the Court is Plaintiff's verified February 16, 2018 filing, which he titles both a "complaint for violation of civil rights" and a "request to attach defendants to complaint." (DE 8 at 1, 17.) This filing is problematic. First, it is an attempt to reinstitute Washington, Barcarcel and Zamora as Defendants in this case. (*See* DE 8 at 1-3, 5-7, 10, 12.) To the extent Plaintiff is requesting that Judge Tarnow reconsider his December 15, 2017 order (DE 5), the time in which to do so has passed. E.D. Mich. LR 7.1(h)(1) ("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order.").

Second, to the extent Plaintiff is attempting to amend his complaint, his filing seems to be incomplete. The Court does recognize a Plaintiff's ability to amend his or her pleading before an answer has been filed. *See* Fed. R. Civ. P. 15(a)(1) ("Amending as a Matter of Course."); *see also In re Alfes*, 709 F.3d 631, 639 (6th Cir. 2013). Still, an amended complaint supersedes an original complaint.

*See, e.g., Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) ("an amended complaint supercedes all prior complaints."); *see also* E.D. Mich. LR 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). While the Court understands Plaintiff's claim that "there is no way that [he] could duplicate and/or amend the original complaint . . . because [he] was forced to file the original complaint without copies, and with all the original documents[,]" (DE 8 at 5; *see also* DE 8 at 7), it is unworkable for the Court to have two complaints. Moreover, the Court doubts that Plaintiff intends for this 18-page "amended complaint," which focuses on the three dismissed Defendants, to supersede or replace his 38-page original complaint (attached to which are 18 exhibits), which the Court sustained as to Defendants Anderson and Delbeke. Accordingly, Plaintiff's February 16, 2018 filing (DE 8) is **STRICKEN** from the record.

In the future, if Plaintiff needs copies of anything already on the record, he may communicate in writing with the Clerk's Office to request a copy of the docket report for this case for the purpose of obtaining copies of matters on the record. Plaintiff will be asked to indicate the items he seeks to have copied. The Clerk's Office will then invoice Plaintiff at a rate of .50 cents per page plus a

$31.00 search fee. Once payment is received, the Clerk's Office will execute Plaintiff's request.

**IT IS SO ORDERED.**


Dated: March 13, 2018		s/Anthony P. Patti
					Anthony P. Patti
					UNITED STATES MAGISTRATE JUDGE


### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on March 13, 2018, electronically and/or by U.S. Mail.

					s/Michael Williams
					Case Manager for the
					Honorable Anthony P. Patti