UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE AVERY WITEK,

    Plaintiff,

v.

BARBARA A. ANDERSON

    Defendant.
_____/

Case No. 17-13647

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER ADOPTING THE REPORT AND RECOMMENDATION [38]**

*Pro se* Plaintiff Kyle Avery Witek, an inmate in the custody of the Michigan Department of Corrections ("MDOC"), brought this suit pursuant to 42 U.S.C. § 1983 against MDOC officials and medical professionals employed by a private contractor. Mr. Witek suffers from Crohn's disease, a gastrointestinal disorder marked by inflammation in the bowels. To treat this condition, and to avoid damaging "flare-ups" of symptoms, Mr. Witek asked MDOC staff to provide him with a low-residue diet. This action arises from MDOC's alleged failure to provide Mr. Witek with his required diet and treatment while he was incarcerated at the St. Louis Correctional Facility ("SLF") in 2017.

Mr. Witek filed this suit on November 6, 2017. [Dkt. #1]. On December 15, 2017, the Court filed an Order [5] dismissing several Defendants, leaving only Defendants Karen Delbeke and Barbara Anderson. On December 20, 2017, the

Court referred pretrial matters in this case to Magistrate Judge Patti [7]. On April 4, 2018, Defendant Karen Delbeke filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies [13]. Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Patti filed a Report and Recommendation [31] on October 31, 2018 recommending the dismissal of Plaintiff's case against Karen Delbeke. On January 9, 2019, the Court filed an Order [30] overruling Plaintiff's objections, adopting the Report and Recommendation, and dismissing Delbeke as a Defendant. This Order left Anderson as the sole remaining Defendant. On February 9, 2019, Defendant Anderson, a registered dietician, brought a Motion for Summary Judgment [33]. This Motion was briefed, and Magistrate Judge Patti issued a Report and Recommendation [38] ("R&R") on June 22, 2019. Neither Plaintiff nor Defendant has objected to the R&R. The Court will adopt the R&R and dismiss the case.

The Magistrate Judge considered the submission of the parties and found that that Defendant Anderson was exercising her professional judgment when she delayed renewing Plaintiff's low-residue diet. Anderson had expressed a concern that Plaintiff's need for a low-reside diet needed to be weighed against his need for proper nutrition. Even if this decision was negligent, it would still fail to rise to the level of a constitutional claim. *See Owens v. O'Dea*, 149 F.3d 1184 (6th Cir. 1998) ("Because 'deliberate indifference' requires more than negligence or

carelessness…an allegation of questionable medical judgment states, at most, a claim for a medical malpractice, as opposed to a constitutional violation.").

Plaintiff has not produced any evidence that would create a material question of fact as to whether or not Defendant Anderson was deliberately indifferent to his medical condition in violation of the Eighth Amendment. The Magistrate Judge was correct to find that the aggregate 42 days where Plaintiff went without his low-residue diet did not constitute an Eighth Amendment violation because Anderson did not act with deliberate indifference by finding that an uninterrupted low-reside diet could "lead to nutritional deficiencies." (R&R pg. 21 citing DE 33-8 at 2).

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [38] is hereby **ADOPTED** and, except as otherwise noted, entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Defendant Barbara Anderson's Motion for Summary Judgment [33] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: July 29, 2019           Senior United States District Judge